[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE SUBSTITUTED COMPLAINT DATED APRIL 26, 2002 (#133)
 First Count
When read in the light most favorable to the plaintiff, as the court must do, the plaintiffs allegations in the original complaint in paragraph 6C in telling the plaintiff that the stairway had been inspected when it was not and in paragraph 6E that the defendant directed the plaintiff to use the stairway when it knew it was dangerous and a hazard form a sufficient basis to expand the level of culpability without changing the cause of action. A cause of action is the underlying facts giving rise to an alleged injury. The factual situation has not changed.
The connection between intent and injury found lacking by Devlin, J., has now been adequately pled by the allegation in paragraph 7 that the defendant directed the plaintiff to use the stairs even though the defendant "had to know" the plaintiffs fall and by inference her injuries were substantially certain to follow. The defendant's argument that "had to know" does not mean "knew" exalts form over substance and is without merit. The plaintiff has now adequately pled an intentional tort.
The more problematic question for the court is whether such amendment relates back so as to defeat the applicable statute of limitations. The court concludes the amendment relates back. The court has already noted the original allegations in paragraph 6 which are the harbingers of intent. A claim of intent could be made under those allegations.
A party may amplify or expand what has already been alleged as long as the cause of action remains the same. A cause of action is that single group of facts which have produced the plaintiffs injury. Wagner v. ClarkEquipment Co., 259 Conn. 114, 129 (2002). The gravamen of the plaintiffs cause of action has not changed and rests upon the same set of allegations that is, a defective stairway which the plaintiff was CT Page 13262 knowingly directed to use (original paragraph 6E).
Motion denied as to Count One.
 Second Count
Plaintiff's counsel concedes no substantial change in Count Two. By her own allegations the plaintiff is still an invitee on private property. After its own independent review this court concludes that the ruling ofDevlin, J., in his June 5, 2001 Memorandum of Decision (#118) that a common public right to volunteer, assuming arguendo there is one, is not the same as a public right to enter upon private property, represents the law of this case.
Motion granted as to Count Two.
Licari, J. CT Page 13263